United States District Court
Southern District of Texas
**ENTERED**
December 06, 2017
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSE ANDRIO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-CV-1194** |
| | § | |
| **KENNEDY RIG SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Kennedy Rig Services, LLC's Motion to Dismiss or Compel Arbitration. (Doc. No. 11.) Having heard oral argument and having considered the filings, the responses thereto, and applicable law, the Court **DENIES** the motion.

### I.  BACKGROUND

Plaintiff Jose Andrio ("Andrio") filed this Fair Labor Standards Act ("FLSA") case against his employer, Defendant Kennedy Rig Services, LLC ("Kennedy Rig Services"), on behalf of himself and other similarly situated welders. Compl. ¶¶ 1, 9. Kennedy Rig Services is a company that services drilling rig manufacturers. (Doc. No. 11.) Andrio alleges that Kennedy Rig Services does not pay its employee welders overtime pay for time worked in excess of forty hours per week. Compl. at ¶¶ 1, 2, 6, 18.

Kennedy Rig Services has moved to dismiss or, in the alternative, compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4. (Doc. No. 11.) Kennedy Rig Services supplied the Court with a copy of an "Independent Contractor Agreement" ("Contract") signed by Andrio and dated August 12, 2015. (Doc. No. 16-1, Exh. A-1.) The Contract is two pages, with six sections. *Id.* Section Six of the Contract provides for binding arbitration ("Arbitration

1

Agreement"). *Id*. Specifically, the Arbitration Agreement states:

> Any controversy or claim arising out of or relating to work performed by Contractor for Company shall be submitted to and resolved by a single arbitrator (the "Arbitrator") who shall be appointed by the American Arbitration Association. The arbitration proceeding will be conducted pursuant to the then current construction rules of the American Arbitration Association.

*Id*. Section Four, entitled "Liability, Insurance & Indemnity" ("Indemnity Provision"), is on the

same page of the Contract. *Id*. In all capital letters and bold font, the Indemnity Provision states:

> CONTRACTOR HEREBY AGREES TO PROTECT, REIMBURSE, INDEMNIFY, AND SAVE HARMLESS THE COMPANY . . . AGAINST ANY AND ALL CLAIMS, DEMANDS . . . CAUSES OF ACTION, LOSSES, DAMAGES, LIABILITIES, COSTS AND EXPENSES (INCLUDING COURT COSTS AND ATTORNEYS' FEES) ARISING OUT OF A BREACH OF THIS AGREEMENT AND/OR THE PERFORMANCE OF THIS AGREEMENT BY CONTRACTOR . . . ASSERTED AGAINST OR INCURRED BY THE COMPANY OR THE OTHER INDEMNITIES, AT ANY TIME AND FROM TIME TO TIME, UNLESS DUE TO THE COMPANY'S SOLE NEGLIGENCE.

*Id*. The Indemnity Provision concludes, "THE PROVISIONS OF THIS SECTION SHALL

SURVIVE TERMINATION OF THIS AGREEMENT." *Id*.

Andrio argues that the Indemnity Provision is unconscionable, pollutes the entire

Contract, and cannot be severed. (Doc. No. 22.) Also, Andrio contends that the Court, rather than

an arbitrator, must resolve unconscionability. (Doc. No. 30.) Kennedy Rig Services responds that

the parties have delegated all issues to arbitration. (Doc. No. 29.)

## II.   APPLICABLE LAW

Section 4 of the Federal Arbitration Act ("FAA") provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 2. The FAA "expresses a strong national policy favoring arbitration of disputes, and

all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."

*Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (citation omitted). The FAA "leaves no place" for the court to exercise discretion. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). The court must order the parties to arbitrate issues covered by a valid arbitration agreement. *Id.*

Arbitration agreements are enforceable like any other contract. 9 U.S.C. § 2; *see also Capital Income Properties–LXXX v. Blackmon,* 843 S.W.2d 22, 23 (Tex. 1992) ("The Federal [Arbitration] Act is part of the substantive law of Texas."). Courts apply state law to determine contract validity. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Fifth Circuit precedent, a motion to compel arbitration in Texas requires two findings from the court: (1) applying Texas rules of contract interpretation, the parties agreed to arbitrate the dispute in question; and (2) no legal constraints external to the arbitration agreement exist that foreclose the possibility of arbitration. *Tittle v. Enron Corp.,* 463 F.3d 410, 418 (5th Cir. 2006). State law contract defenses, such as unconscionability, may invalidate an arbitration agreement. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The party seeking to compel arbitration has the burden to establish that a valid arbitration agreement exists. *In re Oakwood Mobile Homes, Inc*., 987 S.W.2d 571, 573 (Tex. 1999) (abrogated on other grounds by *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002)).

Parties may agree to delegate gateway issues of arbitrability, such as contract validity, to an arbitrator. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 69 (2010). "The law presumes courts have plenary power to decide the gateway questions of a dispute's arbitrability"; where a party contends otherwise, that party bears the burden of demonstrating clearly and unmistakably that the parties agreed to have the arbitrator decide that threshold question. *Houston Refining, L.P. v. United Steel, Paper and Forestry, Rubber, Mfg.*, 765 F.3d 396, 408 (5th Cir. 2014). The court

retains jurisdiction over gateway issues where the argument in favor of arbitration is "wholly groundless." *Douglas v. Regions Bank*, 757 F.3d 460, 463 (5th Cir. 2014).

### III.    ANALYSIS

The Court must begin by addressing the parties' arguments concerning whether the gateway issues of arbitrability must be determined by an arbitrator. Kennedy Rig Services argues the parties delegated arbitrability by incorporating the American Arbitration Association ("AAA") Rules—which leave arbitrability to the arbitrator—into the arbitration clause. Andrio's position is that (1) the entire agreement to arbitrate is unconscionable because it forces him to forego substantive FLSA rights, so it cannot delegate the job of determining unconscionability to an arbitrator; and (2) the AAA Rules are incorporated only for resolution of disputes concerning work performed by Andrio, and not for resolution of the arbitrability of the Contract.

If the Court can assess issues of arbitrability, then Andrio maintains the Indemnity Provision is substantively unconscionable. Kennedy Rig Services argues that it no longer will fully enforce the objectionable provision, and that the provision can be severed. Andrio counters that Kennedy Rig Services' proposed modification to the provision still does not comport with the FLSA, and that it cannot be severed because it was an "essential provision" of the Contract.

#### a.  Arbitrability

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Under the FAA, where an agreement to arbitrate includes an agreement that the arbitrator will determine the enforceability of the agreement, a party must challenge the enforceability of that particular provision, rather than the agreement as a whole, in order for the district court to analyze the challenge. *Rent-A-*

*Ctr., W., Inc.*, 561 U.S. at 70.[1] "[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Id.*

At the same time, "[t]he law of this circuit does not require all claims to be sent to gateway arbitration merely because there is a delegation provision." *Douglas*, 757 F.3d at 463. "[E]ven *if* there is a delegation provision (step one), the court must ask whether the averment that the claim falls within the scope of the arbitration agreement is wholly groundless (step two)." *Id.* at 464 (adopting *Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1371 (Fed. Cir. 2006)). In other words, a court should determine arbitrability where a defendant's argument in favor of the arbitrator determining arbitrability is "wholly groundless." *Id.* at 463-64.

### i.    Existence of Delegation Provision

The incorporation of the AAA Rules into an arbitration agreement delegates the power to determine the arbitrability of the dispute to the arbitrator. *Petrofac, Inc. v. DynMcDermott Petroleum Operation Co.*, 687 F.3d 671, 675 (5th Cir. 2012). While the parties in *Petrofac* did not dispute the validity of the arbitration agreement itself, district courts have applied the rationale from *Petrofac* to cases in which a party does claim the arbitration clause is unconscionable. *Grasso Enters., LLC v. CVS Health Corp.*, 143 F. Supp. 3d 530, 540 (W.D. Tex. 2015) (finding that the arbitration clause is not unconscionable under Arizona law and then— because AAA Rules were incorporated—delegating the determination of whether the dispute falls within the arbitration clause to the arbitrator); *Pioneer Research Sols., Inc. v. Cbeyond, Inc.*,

---

[1]   In contrast, if the challenge is to the existence of an arbitration agreement, rather than the validity or enforceability of it, the question is for the court to decide. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

No. CV H-14-1795, 2015 WL 12840568, at *3 (S.D. Tex. Mar. 27, 2015); *Fields v. S. Fast Loans of Louisiana, Inc.*, No. CIV.A. 12-882, 2013 WL 497619, at *2 (W.D. La. Feb. 7, 2013).

Here, the arbitration agreement incorporates the AAA Rules: "[t]he arbitration proceeding will be conducted pursuant to the then current construction rules of the American Arbitration Association." (Doc. No. 16-1.)

Andrio bases arguments against arbitration on the Indemnity Provision and the Arbitration Agreement. The arguments against the Indemnity Provision are challenges "to another provision of the contract, or to the contract as a whole," *Rent-A-Ctr., W., Inc.*, 561 U.S. at 70, and do not empower this Court to review arbitrability. The arguments against the Arbitration Agreement specifically, however, are a direct attack on the delegation provision. The Court analyzes the arguments against the Arbitration Agreement under the second step of the *Douglas/Qualcomm* test.

### ii.     Scope of Delegation Provision

Where arbitration clauses use broad language to delegate arbitrability—stating that "any controversy" "relating to this agreement" or "arising with respect to" the agreement shall be determined by arbitration—courts recognize the parties' intent to submit controversies regarding disputes arising from the arbitration agreement to an arbitrator. *See Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1367 (Fed. Cir. 2006); *DCK North America, LLC v. Burns & Roe Servs. Corp.*, 218 F. Supp. 3d 465, 474 (W.D. Pa. 2016); *Big Picture Grp. LLC v. Pate*, No. CV-14-00569-DMG (SHx), 2014 WL 12567171, at *4 (C.D. Cal. June 17, 2014).

In contrast, where there is limiting language around the incorporation of the AAA Rules, courts recognize that the parties may have delegated arbitrability for only a narrow scope of disputes. *DCK North America*, 218 F. Supp. 3d at 468; *Archer and White Sales, Inc. v. Henry*

*Schein, Inc.*, No. 2:12-CV-572-JRG, 2016 WL 7157421, at *7 (E.D. Tex. Dec. 7, 2016); *Big Picture Grp. LLC*, 2014 WL 12567171, at *4. The scope of an arbitration clause's carve-out is left to judicial determination. *NASDAQ OMX Grp, Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1031-32 (2d Cir. 2014). For example, in *DCK North America* the arbitration provision said, "Any controversy or claim arising out of or relating to this Agreement or the breach thereof which cannot be resolved in accordance with the foregoing processes *while in the course of performance of the Contract(s)* shall be settled by arbitration in accordance with [AAA Rules]."[2] 218 F. Supp. 3d at 468 (emphasis added). The court honed in on the phrase "while in the course of performance of the Contract(s)" to distinguish between issues arising during or after contract performance. *Id.*

In *Big Picture Group*—like here—a district court applied *Qualcomm* to a case where the contract contained an arbitration provision citing the AAA Rules. 2014 WL 12567171, at *4. The arbitration clause directed: "Any dispute, controversy or claim for *breach of this Agreement*, and any other dispute, controversy or claim *related to the Consultant's performance of services* or the *fees and commissions for such services* shall be settled by binding arbitration administered by the American Arbitration Association (AAA) . . . before one arbitrator, under its commercial rules then in effect." *Id.* at *5 (emphasis in original). The court noted, "the arbitration clause [] does not clearly and unmistakably refer *all* disputes arising out of or relating

---

[2] *DCK North America* was decided in Pennsylvania at a time when the "Third Circuit ha[d] not explicitly decided the issue whether incorporation of the AAA Rules is sufficient to establish a clear and unmistakable intent of parties," *id.* at 473, in contrast to the Fifth Circuit, which has concluded incorporation shows clear and unmistakable intent, *Petrofac, Inc.*, 687 F.3d at 675-76 (ruling consistent with the First, Second, Eighth, Eleventh, and Federal Circuits). But *DCK North America* conducted its analysis of the scope of the delegation assuming that incorporation of the AAA Rules was sufficient to delegate arbitrability, like in the Fifth Circuit.

to the agreement to arbitration, but only those relating to specific subject areas," and therefore the threshold questions of arbitrability were for the court to decide. *Id*. (emphasis in original).

Here, the Arbitration Agreement directs "[a]ny controversy or claim arising out of or relating to *work performed by Contractor for Company*" to an arbitrator. (Doc. No. 16-1, Exh. A-1 (emphasis added).) The Contract itself, in a section entitled "Description of Work," describes "work performed" as "all services generally performed by Contractor in the usual line of a welding business including, but not limited to" providing equipment and tools, completing welding jobs within required timelines, attending safety meetings, obtaining certifications required by Kennedy Rig Services, supplying and wearing safety items, and providing insurance coverage. (Doc. No. 16-1.) Thus, "work performed" is limited to actions taken by Andrio in anticipation of or during his welding work. "[R]elating to work performed" is a far cry from the phrase "relating to this agreement"; it does not encompass the interpretation of the contract. "[W]ork performed by Contractor" is a specific subject area, and it does not clearly and unmistakably include arbitrability. *See Big Picture Grp. LLC*, 2014 WL 12567171, at *4. To argue otherwise is to make a wholly groundless argument.

Moreover, just like the arbitration proponent in *Douglas*, Kennedy Rig Services' "only theory that its claim of arbitrability is not wholly groundless is that there is a delegation provision." 757 F.3d at 464. As the Fifth Circuit noted, "[t]hat is circular" because "merely restating that there is a delegation provision brings us back to step one" of the *Douglas*/*Qualcomm* test. *Id*.

The Arbitration Agreement does not cover the present issue of contract interpretation. The threshold questions of arbitrability are for the Court to decide.

### b.  Unconscionability

"Unconscionability includes two aspects: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002). The party seeking to invalidate an arbitration agreement has the burden of proving unconscionability. *See id*. at 572.

The waiver of statutory rights is a matter of substantive unconscionability. "An arbitration agreement covering statutory claims is valid so long as the arbitration agreement does not waive the substantive rights and remedies the statute affords and the arbitration procedures are fair, such that the employee may 'effectively vindicate his statutory rights.'" *In re Poly–Am, L.P.,* 262 S.W.3d 337, 349 (Tex. 2008) (quoting *In re Halliburton,* 80 S.W.3d at 572). Arbitration provisions relating to federal statutory claims are not enforceable "when a party is forced to 'forgo the substantive rights afforded by the statute,' as opposed to merely 'submit[ting] to resolution in an arbitral, rather than a judicial, forum.'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 628 (1985)).

"Attorneys' fees are mandatory in FLSA actions for plaintiffs who prevail on their claims for unpaid minimum wage or overtime compensation." *Coronado v. D.N.W. Houston, Inc.*, No. CIV.A. H-13-2179, 2015 WL 5781375, at *9 (S.D. Tex. Sept. 30, 2015), *appeal dismissed sub nom*. The FLSA states that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The FLSA's fee-shifting provision refers only to a prevailing plaintiff." *Mach v. Will Cnty. Sheriff,* 580 F.3d 495, 501 (7th Cir. 2009). The "FLSA entitles a prevailing defendant to attorneys' fees only where the district court finds that the

plaintiff litigated in bad faith." *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir. 1998).

Courts have repeatedly found that agreements allowing one party to recover attorneys' fees in an FLSA case regardless of whether it is the losing party are unconscionable. *Coronado*, 2015 WL 5781375, at *10; *see also Sanchez v. Nitro–Lift Techs., LLC,* 762 F.3d 1139, 1148 (10th Cir.2014) (fee-shifting provisions would be invalid under prevailing Tenth Circuit and Supreme Court law); *Lott v. Buccaneer Satellite,* Civ. Action No. 9:11–cv–173, Slip Op. at 7 (E.D.Tex. Aug. 10, 2012) (provision shifting all costs of arbitration and prevailing party fees to loser unconscionable); *Nesbitt v. FCNH, Inc.,* 74 F.Supp.3d 1366, 1374–75 (D.Colo. 2014) (finding similar fee-shifting provision unenforceable). In *Coronado*, dancers sued the clubs where they worked for FLSA misclassification and underpayment claims, and the dancers argued that the arbitration clauses were unconscionable because they would result in significantly higher costs than the plaintiffs would incur in litigation. 2015 WL 5781375, at *9. The dancers pointed to a fee shifting provision that allowed the clubs to recover attorneys' fees even if they lost in arbitration as particularly problematic. *Id.*

As written, the Indemnity Provision here is unconscionable because it awards fees to Kennedy Rig Services regardless of who prevails.

Kennedy Rig Services does not argue that the original form of the indemnity provision was enforceable. (Doc. No. 29.) Instead, Kennedy Rig Services argues that (1) an unconscionable provision can be severed, and (2) "to the extent the Court finds the arbitration agreement unconscionable as imposing onerous obligations on plaintiff, Defendant agrees not to enforce the indemnity provision and pay arbitration costs found to be overly burdensome." (Doc. No. 29 at 9.) The Court first addresses severability, and then turns to Kennedy Rig Services'

10

offer to not enforce the Indemnity Provision.

### i.  Severability of Indemnity Provision

Under Texas law, "[a]n illegal or unconscionable provision of a contract may generally be severed so long as it does not constitute the essential purpose of the agreement." *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222 (Tex. 2014) (quoting *Poly–Am.*, 262 S.W.3d at 360). "In determining an agreement's essential purpose, the issue is 'whether or not parties would have entered into the agreement absent the unenforceable provisions.'" *Id.* (quoting *Poly–Am.*, 262 S.W.3d at 360).

Many courts have declined to sever invalid fee-shifting provisions from arbitration agreements. *Coronado*, 2015 WL 5781375, at *11 (unconscionable fee provision could not be severed in contract that lacked severance clause); *Nesbitt v. FCNH, Inc.*, 74 F.Supp.3d 1366, 1375 (D.Colo. 2014) (refusing to sever unconscionable fee-shifting provision "[b]ecause there [was] no savings clause and because the agreement itself is unambiguous its provisions cannot be stricken, rendering the entire Arbitration Agreement unenforceable"); *Pérez v. Hospitality Ventures–Denver LLC,* 245 F.Supp.2d 1172, 1173–75 (D.Colo.2003) (declining to sever unconscionable fee-splitting provision without a severance clause).

Here, the Indemnity Provision is an essential purpose of the Contract. Kennedy Rig Services' only attempt to show that it would have entered the Contract without the Indemnity Provision—its present offer not to enforce the provision against Andrio—is belied by the face of the Contract. The Indemnity Provision explicitly announces that it "shall survive termination" of the Contract. (Doc. No. 16-1.) It is the only section of the Contract where every word is capitalized and bolded. *Id*. The Indemnity Provision is intertwined with the Arbitration Agreement because of how the two clauses relate to causes of action. Finally, there is no

11

severance clause.[3]

The Indemnity Provision cannot be severed.

### ii.    Offer of Non-Enforcement of Indemnity Provision

Kennedy Rig Services offers "not to enforce the Independent Contractor Agreement's Indemnity Provision and to pay a portion of Plaintiff's arbitration costs if they are found to be overly burdensome." (Doc. No. 29 at 10-11.) Kennedy Rig Services clarifies that it would be Plaintiff's burden to show that costs are overly burdensome. *Id.* at n. 7. Kennedy Rig Services further asserts that it "does not agree to [pay] Plaintiff's attorneys' fees incurred participating in the arbitration as such costs would also be incurred in a judicial forum." *Id.*

Kennedy Rig Services' offer does not cure the problem. First, Kennedy Rig Services only half-heartedly attempts to address the problem of prohibitive costs. *See Gourley v. Yellow Transp., LLC,* 178 F.Supp.2d 1196, 1205 (D.Colo. 2001) (refusing to entertain defendant's offer to waive invalid fee-shifting provision, as the offer "merely served to underscore" the lopsided nature of the parties' arrangement). Kennedy Rig Services relies on *Carter v. Countrywide Credit Industries, Inc.*, where the Fifth Circuit stated that the appellee's "representation to the district court that it would pay *all* arbitration costs" mooted the appellant's argument that it would be subject to excessive and prohibitive costs. 362 F.3d 294, 300 (5th Cir. 2004) (emphasis added). Kennedy Rig Services, in contrast, offers to pay only "overly burdensome" arbitration costs, to the extent that Andrio can meet a burden of showing the greater costs that would be imposed upon him in an arbitral forum than in a judicial forum. (Doc. No. 29 at 9-11, n. 7.)

The analysis of whether expenses are overly burdensome must be done by a court, prior

---

[3] The presence of a severance clause "sheds light on the agreement's essential purpose," *see John R. Ray & Sons, Inc. v. Stroman,* 923 S.W.2d 80, 87 (Tex.App.-Houston [14th Dist] 1996, writ denied), but is not necessary for severance, *see Venture Cotton Co-op.*, 435 S.W.3d at 230-31; *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 (5th Cir. 2003).

to arbitration, and in consideration of whether "the potential costs of arbitration are great enough to deter [the present litigant] and similarly situated individuals from seeking to vindicate their federal statutory rights in the arbitral forum." *Morrison v. Circuit City Stores, Inc.,* 317 F.3d 646, 663 (6th Cir. 2003) (en banc) (ultimately finding a cost-splitting agreement unenforceable); *see also Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 at 90-92 (2000). The parties have not briefed the extent of Andrio's costs in either forum, or how similarly situated individuals could be affected by Kennedy Rig Services' offer. The Court acknowledges that generally, when an employee brings suit against her employer, she will almost certainly face fewer costs in the judicial forum because she is likely to be represented on a contingency-fee basis and there are fees and costs—such as paying for the arbitrator—that are only incurred in the arbitral forum. *See Morrison,* 317 F.3d at 664, 669.

Second, Kennedy Rig Services specifically states that it will not pay Andrio's attorneys' fees.[4] "Attorneys' fees are mandatory in FLSA actions for plaintiffs who prevail on their claims for unpaid minimum wage or overtime compensation." *Coronado*, 2015 WL 5781375, at *9. Restrictions on the attorneys' fees recovery framework set out by the FLSA are unconscionable. *See, e.g.*, *Quilloin v. Tenet HealthSystem Philadelphia, Inc.,* 673 F.3d 221, 230–31 (3d Cir. 2012); *Nino v. Jewelry Exchange, Inc.,* 609 F.3d 191, 203 (3d Cir. 2010) (noting that provisions in arbitration clauses requiring parties to bear their own attorneys' fees disadvantage employees needing to obtain legal assistance); *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009) (the FLSA "provides for reasonable attorney's fees [and] the parties cannot contract in derogation of

---

[4] At the hearing on this Motion, Kennedy Rig Services represented that if the arbitrator awarded attorney's fees for Andrio, it would pay them. However, Kennedy Rig Services' filing explicitly states that it will not pay Andrio's attorney's fees. (Doc. No. 29 at 11, n. 7.) As the Court noted at the hearing, an arbitrator is bound by contract, and if the contract does not give her the authority to award attorney's fees, she is very unlikely to do so.

FLSA's provisions").

Kennedy Rig Services' modified approach to fees does not cure the unconscionability problem.

## IV.  CONCLUSION

Accordingly, the Motion to Dismiss or Compel Arbitration is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of December, 2017.

_____

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE